

# The Attorney General of Texas

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160.
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

January 11, 1984

Mr. Vernon M. Arrell
Commissioner
Texas Rehabilitation Commission
118 E. Riverside Drive
Austin, Texas    78704

Opinion No. JM-124

Re: Jurisdiction of the Texas Rehabilitation Commission with regard to residents of certain facilities

Dear Mr. Arrell:

You ask the following questions relating to certain facilities that are subject to the licensing requirements or exemptions provided by article 4442c, V.T.C.S.:

> 1. If a facility is providing residential services to residents, some of whom are clients currently receiving services from the Texas Rehabilitation Commission, but others of whom are residents privately placed, or residents placed into the facility by a state agency other than the Texas Rehabilitation Commission, does the Texas Rehabilitation Commission's jurisdiction apply only to those clients residing in the facility currently receiving services from Texas Rehabilitation Commission or is our jurisdiction applicable to all residents in the facility?

> 2. If the certifying state agency has jurisdiction only over those clients in the facility currently receiving services from the agency, which state agency, if any, is responsible for enforcing standards and for protecting the health, safety, and welfare of those residents residing in the facility but not receiving services from the agency?

Article 4442c requires that "institutions," as defined by that act, shall be licensed by the Texas Department of Health. The act expressly exempts certain establishments from its application, including

> a facility operated within the jurisdiction of a state or federal governmental agency, including but not limited to the Texas Rehabilitation

Commission, the Texas Department of Mental Health and Mental Retardation, the Texas Department of Human Resources, the State Commission for the Blind, the Texas Commission on Alcoholism, the Texas Department of Corrections, and the Veterans' Administration, where the facility is primarily engaged in training, habilitation, rehabilitation, or education of clients or residents, and such facility has been certified through inspection or evaluation as having met standards established by the state or a federal governmental agency.

V.T.C.S. art. 4442c, §2(a)(6).

You advise us that the Texas Rehabilitation Commission [hereinafter TRC] contracts with halfway houses or other residential facilities operated mainly by nonprofit associations for services designed to enable handicapped or disabled persons to engage in a gainful occupation or independent living. Survey teams from the TRC examine numerous facilities and certify them as meeting standards for varying services which TRC then purchases from the facilities for its clients. We understand that the services that the TRC purchases from the facilities may not always be the type of care utilized by residents of the facilities placed there by other agencies or by private persons.

Depending on facts and circumstances that also are varied, the facilities certified by the TRC for its varying services may or may not be licensed by the Department of Health. An institution subject to licensure is one which provides to four or more persons unrelated to the proprietor food, shelter, and either minor treatment under the direction and supervision of a physician or services which are classified as protective services. If a facility's services are classified as non-protective services, they are not services for purposes of identifying institutions subject to licensure. See V.T.C.S. art. 4442c, §2(a); Texas Dept. of Health, Rules 301.54.06.001-.002. Some facilities certified by the TRC may not be licensed because they are operated within the jurisdiction of other agencies, such as the Texas Department of Mental Health and Mental Retardation and the Texas Commission on Alcoholism. See Attorney General Opinion JM-12 (1983).

You inquire whether the TRC is responsible only for persons residing in a facility who are its clients receiving rehabilitation services, and, if its authority extends only to its clients, which state agency, if any, is responsible for enforcing standards and protecting the welfare of the residents who do not receive its services.

It is our opinion that the TRC is responsible for supervision of clients that it places in residential facilities following its certification and purchase of rehabilitation services. We believe,

however, that TRC's responsibility extends only to its clients and that neither section 2(a)(6) of article 4442c nor its contractual relationship with the facility for those services expands TRC's statutory authority to include authority for the supervision of or expenditure of funds for persons other than the handicapped or disabled individuals who are entitled to the TRC's services.

The exemption from licensure provided by section 2(a)(6) of article 4442c does not apply unless the facility is "operated within the jurisdiction of a state or federal agency" and is "certified through inspection or evaluation as having met standards established by the state or a federal governmental agency." See Attorney General Opinion JM-12. Under the facts presented to us, that does not appear to be the case. We believe that a contract between the TRC and a residential facility which is not operated within the TRC's jurisdiction, whereby the facility provides services to the commission's clients, does not alter the statutory power or duty of the licensing agency under article 4442c to inspect the facility and to issue, deny, suspend, or revoke its license, when appropriate.

If a facility with which the TRC contracts for services is exempt from licensure because it is operated within the jurisdiction of another state agency or a federal agency, that agency has responsibility for residents who are not the TRC's clients. In the case of any facility licensed under article 4442c, the Department of Health is responsible for enforcing its licensing standards and supervising the safety and welfare of all residents.

## S U M M A R Y

When the Texas Rehabilitation Commission purchases services for eligible persons from residential facilities, the commission's supervisory responsibility extends only to those residents receiving rehabilitation services purchased by the commission. The certification of facilities and purchase of services for persons by the Rehabilitation Commission does not exempt a facility from licensure by the Texas Health Department under article 4442c or alter the responsibility of any agency to enforce standards and protect the health, safety, and welfare of the residents of the facility.

Very truly yours,

JIM MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

Prepared by Colin Carl
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Colin Carl
Susan Garrison
Jim Moellinger
Nancy Sutton